IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

PETSAMI PHOMMASENG,

    Defendant.

Case Nos. 15-20006-JAR-01
14-20014-JAR-13
15-20020-JAR-05

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Petsami Phommaseng's pro se Motion for Reduction in Sentence/Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 231).[1] The motion is fully briefed, and the Court is prepared to rule. As described more fully below, the Court denies Defendant's motion for compassionate release.

**I.    Background**

On April 26, 2016, Defendant entered into binding plea agreements in all three criminal cases. In this case, Defendant entered a conditional plea of guilty to Counts 2, 4, and 8 of the Third Superseding Indictment, reserving his right to appeal the Court's suppression order regarding the January 21, 2015 traffic stop and resulting search.[2] Count 2 charged a violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), for knowingly and unlawfully possessing a firearm as an unlawful user of methamphetamine. Count 4 charged a violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, for knowingly possessing a firearm in furtherance of a drug trafficking crime. And Count

---

[1] Defendant filed this identical motion in his other criminal cases: Case No. 14-20014-JAR-13 (Doc. 964), and Case No. 15-20020-JAR-05 (Doc. 659). Unless otherwise indicated, the Court's references to docket numbers in this Order are to the first listed case, Case No. 15-20006.

[2] Doc. 94.

8 charged a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2, for possession with intent to distribute methamphetamine.

In Case No. 14-20014, Defendant pled guilty to Count 1 of the Sixth Superseding Indictment, charging a violation of 21 U.S.C. § 846, for conspiracy to distribute and possess with intent to distribute methamphetamine.

In Case No. 15-20020, Defendant pled guilty to Count 1 of the Superseding Indictment, charging a violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, for conspiracy to manufacture, possess with intent to distribute, and distribute 50 grams or more of methamphetamine.

All three plea agreements provided that the parties could argue for a sentence between 120 and 240 months' imprisonment, and asked the Court to impose concurrent sentences in each of the three cases.

Presentence Investigation Reports ("PSRs") were prepared in each case, and the parties submitted sentencing memoranda with arguments about the appropriate sentence within the range specified in the binding plea agreements. In this case, the Court sentenced Defendant on August 16, 2017, to 120 months' imprisonment on Counts 2 and 8, to be served concurrently, and 60 months on Count 4, to be served consecutively to Counts 2 and 8, for a controlling term of 180 months' imprisonment. On October 2, 2017, in Case No. 15-20020, the Court sentenced Defendant to 180 months' imprisonment, to be served concurrently to the sentences imposed in Case Nos. 14-20014 and 15-20006. That same day, the Court sentenced Defendant in Case No. 14-20014 to 180 months' imprisonment, to be served concurrently to Case Nos. 15-20020 and 15-20006. This 180-month total controlling sentence was well below the guidelines range applicable in each case.[3]

---

[3] In Case No. 15-20006, the applicable guidelines range on Counts 2 and 8 was 210–262 months; the guidelines sentence on Count 4 was the statutory minimum term of 60 months, to run consecutively. Doc. 175 at 1.

On October 19, 2017, Defendant filed a pro se notice of appeal that was filed and docketed under all three cases, raising only the suppression issue on appeal.  Defendant subsequently moved to voluntarily dismiss his appeal, which the Tenth Circuit granted.

On September 6, 2018, the Federal Public Defender filed a § 2255 motion on behalf of Defendant in all three criminal cases raising Sixth Amendment issues addressed by the Court in *United States v. Carter*, which involved audio recordings of telephone conversations and soundless video recordings of meetings between attorneys and their clients who were detained at Correctional Corporation of America ("CCA").[4]  On December 8, 2023, the Court dismissed in part and denied in part Defendant's motion and denied a certificate of appealability.[5]  Defendant appealed in all three cases, and the Tenth Circuit abated the appeal pending its resolution of a related case, *United States v. Valdez*.[6]  In the meantime, Defendant filed the instant motion for compassionate release in all three cases.

Defendant's projected release date is January 11, 2028.

**II.     Discussion**

Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[7] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment under the

---

In the other two cases, the applicable guidelines range was 262–327 months.  Case No. 14-20014, Doc. 689 at 1; Case No. 15-20020, Doc. 464 at 1.

[4] Case No. 16-20032-JAR, Doc. 758.

[5] Doc. 217.

[6] Doc. 230.

[7] Pub. L. No. 115-391, 132 Stat. 5194.

compassionate release provision, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[8]  The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[9]  If the Court grants the motion, however, it must address all three steps.[10]

### A.    Exhaustion

Exhaustion under § 3582(c)(1)(A) is a mandatory claim-processing rule that the Court must enforce when the government invokes it.[11]  Here, the government concedes that Defendant exhausted his claim.  The Court thus proceeds to the merits.

### B.    Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant the motion.  The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[12]  That authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission."[13]  Before November 1, 2023, the Sentencing Commission had not issued a policy statement "applicable" to §

---

[8] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[9] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[10] *McGee*, 992 F.3d at 1043 (quoting *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) (citation omitted)).

[11] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[12] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[13] *Id.*

4

3582(c)(1)(A) motions filed by a defendant.[14]  Thus, § 3582(c)(1)(A)'s consistency requirement did not constrain the Court's discretion to consider whether extraordinary and compelling reasons warranted a sentence reduction.[15]

On November 1, 2023, a new Sentencing Commission policy statement became effective that is "plainly applicable to motions for sentence reduction filed by either the Director of the Bureau of Prisons or a defendant."[16]  The policy statement lists grounds that constitute extraordinary and compelling circumstances, and provides additional guidance for courts.  The listed grounds are medical circumstances, age, family circumstances, whether the defendant was a victim of abuse while in custody, "other reasons," and whether the defendant served an "unusually long sentence" where there has been a change in law.[17]

Here, Defendant argues that extraordinary and compelling reasons justify compassionate release based on an unusually long sentence where there has been a change in the law as follows: (1) his sentence in this case based on the 21 U.S.C. § 922(g)(3) charge was unconstitutional and without factual support; and (2) the sentence based on application of the methamphetamine guidelines is unusually long due to the purity of the methamphetamine considered, and if he were sentenced on the same charges today, his sentence would have been shorter.  Defendant also asks the Court to consider his extensive post-sentencing rehabilitation.

### 1. Sentence for Violation of 18 U.S.C. § 922(g)(3)

Defendant argues that he would not be convicted today under 18 U.S.C. § 922(g)(3) as an unlawful user of methamphetamine in possession of a firearm.  First, he argues that his status

---

[14] *See id.*

[15] *Id.* at 836–37.

[16] *United States v. Bradley*, –F.4th–, No. 23-1223, 2024 WL 1500654, at *2 n.1 (10th Cir. Apr. 8, 2024).

[17] U.S.S.G. § 1B1.13(b).

as a drug user should not have stripped him of his Second Amendment right to bear arms. As part of this argument, Defendant asserts that the statute of conviction is unconstitutionally vague because it fails to give ordinary people fair notice of what conduct is prohibited. If Defendant's argument on this point is true, the statute of conviction violates the Second Amendment. But the Tenth Circuit has rejected the use of compassionate release based on this type of error, holding that

> [w]hen a federal prisoner asserts a claim that, if true, would mean "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," the prisoner is bringing a claim governed by § 2255. He cannot avoid this rule by insisting he requests relief purely as an exercise of discretion rather than entitlement.[18]

As the Tenth Circuit instructs, a motion must be considered a pleading under § 2255 if it "'asserts or reasserts a federal basis for relief' from the movant's conviction or sentence."[19]

This is not Defendant's first motion brought under § 2255. "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."[20] Moreover, "to allow a petition to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and

---

[18] *United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023) (quoting 28 U.S.C. § 2255(a)); *see Martinez v. United States*, No. 22-cv-407, 2023 WL 2308261, at *2 (D.N.M. Mar. 1, 2023) ("Habeas and compassionate release are distinct forms of relief. The former authorizes the court to vacate an unlawful sentence, whereas the latter only permits the district court to reduce it. The exclusive remedy to test the validity of a judgment and sentence is a habeas petition under 28 U.S.C. § 2255. And a compassionate release motion may not be based on claims specifically governed by § 2255." (citations omitted)).

[19] *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

[20] *United States v. Sears*, 836 F. App'x 697, 699 (10th Cir. 2021) (quoting *Nelson*, 465 F.3d at 1148).

2255."[21]  "In particular, 'Congress was surely aware that defendants might wish to raise subsequent claims based upon changes in the applicable law, and narrowly circumscribed the allowable claims through § 2255(h).'"[22]

Therefore, Defendant's motion for compassionate release is a second or successive § 2255 motion to the extent it challenges the constitutionality of 18 U.S.C. § 922(g)(3), over which the Court lacks jurisdiction.[23]  The Court could transfer the motion to the Tenth Circuit for a determination of whether Defendant should be allowed to proceed,[24] but concludes that in this case transfer would not be appropriate because Defendant cannot satisfy either of the transfer requirements of § 2255(h).[25]  Rather than transfer Defendant's successive § 2255 motion to the Tenth Circuit for authorization, the Court dismisses this claim for lack of jurisdiction.

Defendant also argues that there was insufficient evidence to support the sentence he received on the § 922(g)(3) charge, and that if sentenced today, he would have been subject to a lower sentence.  Defendant claims that the record is devoid of facts to support how frequently he used methamphetamine, and in what amounts, which is necessary in order to convict him as an unlawful user of methamphetamine.  To the extent Defendant maintains that changes in the law since the time of sentencing would change his status as a drug user if sentenced today, he has failed to point the Court to any specific change in the law that supports his argument.  Moreover,

---

[21] *Id.* (quoting *Nelson*, 465 F.3d at 1148).

[22] *Id.* (quoting *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1268 (10th Cir. 2015)).

[23] *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (explaining that absent authorization from the circuit court, a district court lacks jurisdiction to address the merits of a second or successive § 2255).

[24] *Id.* at 1252.

[25] Under 28 U.S.C. § 2255(h), a second or successive motion must be certified by the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Defendant pled guilty to the firearm charges, admitting to the factual bases that support his convictions. The factual bases for the guilty pleas and the PSRs demonstrate the frequency of Defendant's drug use. For example, Paragraph 54 of the PSR in this case states that:

> Phommaseng was . . . interviewed after he was read his Miranda rights, which he acknowledged he understood and waived. Phommaseng advised he has been a regular user of methamphetamine since 2006 and estimated he used between 1 gram to 1.75 grams of methamphetamine a week since 2006. Phommaseng acknowledged he may be addicted to methamphetamine.[26]

The PSR further states that Defendant "has been a daily user of methamphetamine for approximately five years."[27] Therefore, Defendant has not demonstrated that he is serving an unusually long sentence despite a change in the law.

In sum, Defendant has not demonstrated an extraordinary and compelling circumstance tied to his conviction under § 922(g)(3) that would support compassionate release.

### 2. Methamphetamine Disparity

Next, Defendant argues that he would face a lower sentence today based on disparities between methamphetamine mixture and pure methamphetamine found in the sentencing guidelines. He contends that the sentencing calculation for his conspiracy charge in Case No. 15-20020 relied on "ghost" drugs and not actual methamphetamine quantities manufactured by him, and that the Court's sentence therefore too heavily relied on the purity of the methamphetamine at issue. Defendant contends that other courts since the time of his sentencing have recognized that the purity of methamphetamine is not a proxy for culpability. But Plaintiff has pointed to no change in the law that would lead to a different sentence. As the government

---

[26] Doc. 148 ¶ 54.

[27] *Id.* ¶ 192.

8

points out, the methamphetamine attributed to Defendant was over 80% pure, qualifying it as "ice" methamphetamine. And Defendant was found in possession of over 12 kilograms of marijuana. The combined converted drug weight was over 42,000 kilograms, placing Defendant's base offense level at 36. Under the 2023 Guidelines, a converted drug weight of 30,000 kg to 90,000 kg calls for a base offense level of 36, the same offense level imposed at Defendant's 2016 sentencing.[28] The Court varied downward substantially from the applicable guidelines range in all three cases. Moreover, this Court follows the lead of other courts that "have rejected the argument that the methamphetamine-related sentencing guidelines present extraordinary and compelling circumstances sufficient for a sentence reduction."[29]

### 3. Rehabilitation

Finally, Defendant asks the Court to take into account his post-sentencing rehabilitation. But Congress has made clear that "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason."[30] Because the Court finds that neither ground raised by Defendant constitutes extraordinary and compelling circumstances under the statute and policy statement, it will not consider Defendant's rehabilitation in isolation.

Because Defendant has not shown extraordinary and compelling reasons for a sentence reduction, his motion must be denied.

---

[28] U.S.S.G. § 2D1.1(c)(2) (2023); *see* Case No. 15-20020, Doc. 451 ¶ 164.

[29] *United States v. Barajas*, No. 10-20077-02-JWL, 2024 WL 181833, at *2 (D. Kan. Jan. 17, 2024) (collecting cases).

[30] 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Petsami Phommaseng's pro se Motion for Reduction in Sentence/Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 231) is **denied**.[31]

**IT IS SO ORDERED.**

Dated: June 5, 2024

                                                       S/ Julie A. Robinson
                                                      JULIE A. ROBINSON
                                                      UNITED STATES DISTRICT JUDGE

---

[31] In Case No. 14-cr-20014-JAR-013, Doc. 964 is denied; in Case No. 15-cr-20020-JAR-05, Doc. 659 is denied.